IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| | ) |
| **BLOOMBERG L.P.,** | ) |
| 731 Lexington Ave | ) |
| New York, NY 10022 | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. SECURITIES AND EXCHANGE** | ) |
| **COMMISSION,** | ) |
| Office of the General Counsel | ) |
| 100 F Street, NE | ) |
| Washington DC 20549 | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

1. Plaintiffs JASON LEOPOLD and BLOOMBERG L.P. bring this Freedom of Information Act suit to force Defendant U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC") to conduct an adequate search, issue a determination, and produce records regarding former Acting Chair and current SEC Commissioner Mark T. Uyeda. Defendants' failure to produce nonexempt, responsive records violates the unambiguous directives of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and warrants the relief requested herein.

## PARTIES

2. Plaintiff JASON LEOPOLD is an investigative reporter at Bloomberg News and is one of the FOIA requesters in this case.

3. Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories

a day, producing content that is featured across multiple platforms, including digital, TV, radio, streaming video, print, and live events. BLOOMBERG L.P. is one of the FOIA requesters in this case.

4. Defendant U.S. SECURITIES AND EXCHANGE COMMISSION is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FEBRUARY 12, 2025 FOIA REQUEST TO THE SEC

7. On February 12, 2025, Plaintiffs submitted a FOIA request to the SEC for the following records concerning then-Acting Chairman Mark T. Uyeda:

> 1. All emails (including attachments) sent and received by Acting Chairman Mark T. Uyeda. This includes his internal, official work email address as well as his public facing email address.
>
> 2. All text messages sent and received by Acting Chairman Mark T. Uyeda.
>
> 3. All letters, memos, reports, sent and received by Acting Chairman Mark T. Uyeda.
>
> 4. Acting Chairman Mark T. Uyeda's calendars.
>
> 5. All brief books and materials prepared for Acting Chairman Mark T. Uyeda.

8. A true and correct copy of the original FOIA request is attached as Exhibit 1.

9. On February 13, 2025, the SEC acknowledged receipt of the FOIA request and assigned reference number 25-01529-FOIA to the matter.

10. A true and correct copy of the acknowledgement letter is attached as Exhibit 2.

11. On February 18, 2025, the SEC approved Plaintiffs' request for a fee waiver.

12. A true and correct copy of the correspondence is attached as Exhibit 3.

13. On March 31, 2025, the SEC stated that it "identified more than 8,600 mail records that may be responsive to item 1 of [the] request" and searches for the remaining items were ongoing. The SEC stated that it would, "if requested," process the records in the "Complex track" and stated that "it may take thirty-six months or more before we can begin to process a request placed in our Complex track." The SEC asked Plaintiffs to "write or call" to confirm if they were "interested" in placing the request in the Complex processing track, and if Plaintiffs did not respond by May 12, 2025, the SEC would "assume that [Plaintiffs] have elected not to pursue [the] request, and it will be administratively closed."

14. A true and correct copy of the March 31 correspondence from the SEC is attached as Exhibit 4.

15. On April 15, 2025, Plaintiffs confirmed to the SEC that it should "continue processing this request in the complex track."

16. A true and correct copy of the correspondence is included in Exhibit 5.

17. On May 2, 2025, upon noticing that the status of request 25-01529 was reflected as "closed" in the SEC's FOIA portal, Plaintiffs asked SEC to explain why the request was closed.

18. A true and correct copy of the correspondence is included in Exhibit 6.

19. On May 12, 2025, SEC stated that request 25-01529-FOIA was closed, and request number 25-00020-FIFO was created in response to Plaintiffs' request to be processed in the complex track. *Id*.

20. The SEC did not send any further correspondence to Plaintiffs regarding this request.

21. As of the date of this filing, the SEC has not issued a determination on Plaintiffs' request.

22. As of the date of this filing, the SEC has failed to make any responsive records promptly available to Plaintiffs.

## APRIL 15, 2025 FOIA REQUEST TO THE SEC

23. On April 15, 2025, Plaintiffs submitted a FOIA request to the SEC for the following records:

> 1. All emails (including attachments) sent and received by Acting Chairman Mark T. Uyeda. This includes his internal, official work email address as well as his public facing email address.
>
> 2. All text messages sent and received by Acting Chairman Mark T. Uyeda.
>
> 3. All letters, memos, reports, sent and received by Acting Chairman Mark T. Uyeda.
>
> 4. Acting Chairman Mark T. Uyeda's calendars.
>
> 5. All brief books and materials prepared for Acting Chairman Mark T. Uyeda.
>
> 6. All Signal Chat messages (including messages set to disappear) from Acting Chairman Mark T. Uyeda.
>
> 7. All receipts of travel and expenses from Acting Chairman Mark T. Uyeda's government issued credit card.
>
> 8. All of Acting Chairman Mark T. Uyeda's communications referencing Elon Musk, Tesla, Department of Government Efficiency or DOGE or US DOGE Service or USDS.
>
> 9. The Memorandum of Understanding between SEC and US DOGE Service or Department of Government Efficiency and DOGE or USDS.
>
> 10. Letters or other correspondence Acting Chairman Mark T. Uyeda received from any member of Congress or a Congressional Committee and any responses to the letters or correspondence that Acting Mark T. Uyeda sent.
>
> 11. All of Acting Chairman Mark T. Uyeda's communications referencing Department of Government Efficiency or DOGE or US DOGE Service or USDS and "data."

        The timeframe for parts 1 through 5 of this request is February 18, 2025, through the date the search for responsive records is conducted. The timeframe for parts 6 through 11 of this request is January 20 through the date the search for responsive records is conducted.

24. A true and correct copy of the FOIA request is attached as Exhibit 7.

25. The SEC did not send any correspondence to Plaintiffs regarding this request.

26. As of the date of this filing, the SEC has not issued a determination on Plaintiffs' request.

27. As of the date of this filing, the SEC has failed to make any responsive records promptly available to Plaintiffs.

## COUNT I – SEC'S FOIA VIOLATION
## FEBRUARY 12, 2025 FOIA REQUEST TO THE SEC

28. The above paragraphs are incorporated by reference.

29. Plaintiffs' FOIA request to the SEC seeks the disclosure of agency records and was properly made.

30. Defendant SEC is a federal agency subject to FOIA.

31. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

32. Defendant SEC has failed to conduct a reasonable search for records responsive to the request.

33. Defendant SEC has failed to issue a complete determination within the statutory deadline.

34. Defendant SEC has failed to produce all non-exempt records responsive to the request.

## COUNT II – SEC'S FOIA VIOLATION
## APRIL 15, 2025 FOIA REQUEST TO THE SEC

35. The above paragraphs are incorporated by reference.

36. Plaintiffs' FOIA request to the SEC seeks the disclosure of agency records and was properly made.

37. Defendant SEC is a federal agency subject to FOIA.

38. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

39. Defendant SEC has failed to conduct a reasonable search for records responsive to the request.

40. Defendant SEC has failed to issue a complete determination within the statutory deadline.

41. Defendant SEC has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiffs ask the Court to:

i. declare that Defendant has violated FOIA;

ii. order Defendant to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendant from withholding non-exempt public records under FOIA;

iv. award Plaintiffs attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: May 16, 2025

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiffs
JASON LEOPOLD,
BLOOMBERG L.P.

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com